**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BENJAMIN DEWAYNE SCOTT, SR.,
ADC #90681                                                                                    PLAINTIFF

5:11-cv-00241-KGB-JTK

J. BUCHMAN, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      **Introduction**

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc.

Nos. 89, 92, 95).   Plaintiff filed a Response in opposition to the Motions (Doc. No. 99), and

Defendant Anderson filed a Reply (Doc. No. 100).

Plaintiff Benjamin Dewayne Scott is a state inmate incarcerated at the Cummins Unit of the

Arkansas Department of Correction (ADC).   He filed this action against Defendants pursuant to 42

U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth

Amendment right.   Plaintiff asks for monetary relief from the Defendants, Dr. J. Buchman, Dr.

Roland Anderson, and ADC Chief Deputy Director Wendy Kelley.

According to his Complaint, Defendant Buchman operated on Plaintiff on April 11, 2011,

in order to remove his gallbladder and repair an incisional hernia (Doc. No. 2, p. 4).   However,

during the course of the surgery, Dr. Buchman lacerated Plaintiff's small bowel and thereafter failed

to remove his gallbladder and to repair his hernia.   Id.   Plaintiff claims that he now suffers severe

pain from his enlarged hernia, and that Defendants Anderson and Kelley failed to remedy the situation. Id.

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Webb, 144 F.3d at 1135, quoting Celotex, 477 U.S. at 324. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.    Exhaustion

Both Defendants Kelley and Anderson state that Plaintiff's Complaint against them should be dismissed because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and by the ADC grievance procedure, Administrative Directive (AD) 09-01 (Doc. No. 95-1). The PLRA mandates complete exhaustion

of administrative remedies prior to filing a lawsuit pursuant to 42 U.S.C. § 1983. Booth v. Churner, 532 U.S. 731, 741 (2001), and Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003). In addition, Defendants cite Woodford v. Ngo, 548 U.S. 81, 92 (2006), where the Court held that technical compliance with all administrative requirements for exhaustion is mandatory, and that an inmate must properly exhaust by complying with all the agency's deadlines and procedural rules.

According to the ADC grievance procedure, a grievance form should be submitted within fifteen days of the occurrence of the incident, and the inmate's complaint should be specific as to the personnel involved. (AD 09-01.IV.C.4 and IV.E.1, Doc. No. 95-1, pp. 5-6.) The procedure consists of an informal step, followed by a formal step. (AD 09-01.IV.E and IV.F; Id. at pp. 6-9.) If an inmate files a grievance concerning a medical issue, the grievance is forwarded to medical personnel for a response, and if the inmate is not satisfied with the medical response, he can appeal to the Deputy Director of Health and Correction Programs. (AD 09-01.IV.F.5 and IV.G; Id. at pp. 10-11).

Defendant Kelley presents excerpts from Plaintiff's deposition in which he admits that he never filed a single grievance against her (Doc. No. 94-1, p. 7). Defendant Anderson presents a declaration of Sherrie Williams, an ADC medical grievance investigator, who lists the grievances Plaintiff filed from September 12, 2008 to September 13, 2011, five of which were not appealed to the final step (Doc. No. 95-2, p. 1). Anderson also includes a copy of those grievances for the Court's review (Doc. No. 95-3), and states that the only grievance naming him was submitted on October 27, 2010, and concerns Plaintiff's complaint that Anderson changed his medical classification. (Doc. No. 95-3, pp. 11-13, grievance MX-10-02479.) Anderson states that Plaintiff

admits that his present Complaint concerns events beginning on April 11, 2011,[1] and therefore, the

October 27, 2010 grievance cannot be considered as applicable to his present complaint.

Plaintiff states in his Response that he filed five grievances between August 8, 2010, and

January 4, 2011, in an attempt to obtain help for his medical condition, and that the medical staff and

prison officials were aware of his serious medical need and failed to reasonably respond to it (Doc.

No. 99).

According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S.

at 741 n.6, the United States Supreme Court held that, in enacting the PLRA, "Congress has

mandated exhaustion clearly enough, regardless of the relief offered through administrative

procedures."  In addition, Eighth Circuit Court of Appeals held, "[t]he statute's requirements are

clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to

do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an

exception that Congress did not place there.'"  Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000)

(quoting Castano v. Nebraska Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir. 2000).  In Johnson v.

Jones, 340 F.3d at 627-8, the Court held that "[u]nder the plain language of section 1997e(a), an

---

[1]Doc. No. 95-4, p. 9.

inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.) Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held that, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." In this case, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his allegations against Defendants Kelley and Anderson. Plaintiff admits that he did not file any grievances against Defendant Kelley (Doc. No. 94-1, p. 7.) In addition, he does not deny Defendant Anderson's claim that he filed and exhausted only one grievance in which he named Anderson, or that the grievance concerned his medical classification change and not the April 11, 2011 surgical procedure which is the subject of his present Complaint. Although Plaintiff did file and exhaust several grievances concerning the April 11, 2011 surgery and subsequent events, he did not specifically name Defendant Anderson in any of those grievances. The ADC grievance policy clearly requires that grievances "specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (AD 09-01.IV.C.4, Doc. No. 95-1, p. 4.) In addition, the case law provides that the prison's requirements "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218. Therefore, the Motions of Defendants Kelley and Anderson should be granted based on Plaintiff's

failure to exhaust his administrative remedies against them.[2]

### B.     Deliberate Indifference/Negligence

Defendant Buchman states in his Motion that Plaintiff's Eighth Amendment claim against him should be dismissed because Plaintiff provides no evidence that he acted with deliberate indifference to his serious medical needs.   In support, Buchman provides copies of Plaintiff's medical records to show the care provided to Plaintiff prior to and after the surgery.   According to those records, Plaintiff suffered a gunshot wound to his abdomen in 2003, and underwent repair of an intestinal fistula (by Dr. Buchman) in 2007.  (Doc. No. 89-2, p. 6.)  The attempted repair of Plaintiff's large incisional hernia in 2011 "was not successful due to adhesions," and during that attempt Plaintiff's small bowel was lacerated adjacent to where it was connected to the liver. (Id. at pp. 6, 10.)  Defendant Buchman repaired the laceration, but was unable to remove the gallstones or repair the hernia.  Id. at p. 11.  Buchman also noted that he had advised Plaintiff prior to the surgery that it was unlikely that the gallstones would be removed.  Id. at p. 10.   Buchman saw Plaintiff again on August 9, 2011, at which time he informed Plaintiff about the risks involved with another surgery.  Id. at p. 5.  After Plaintiff responded, "I'm ready to take that chance," Defendant Buchman referred Plaintiff to a surgery clinic at the University of Arkansas for Medical Sciences (UAMS) for gall bladder and hernia surgery.  Id., See also Doc. No. 95-5, pp. 36, 37.[3]

Buchman states Plaintiff fails to present evidence to show that his actions were deliberately

---

[2]Because the Court agrees that Plaintiff failed to exhaust his administrative remedies with respect to these two Defendants, the Court will not address their alternative arguments for dismissal.

[3]Plaintiff filed his Complaint on September 13, 2011 (Doc. No. 2).  A surgery consult request was submitted on September 15, 2011, and surgery was performed on Plaintiff's hernia at UAMS by a non-party physician on September 23, 2011 (Doc. No. 95-5, pp. 38-48).

indifferent to Plaintiff's serious medical need.  He states that "[m]ere negligence or medical malpractice" does not rise to the level of a constitutional violation, citing Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999).  Buchman states that Plaintiff's allegation in his complaint that he "lacerated my small bowels and didn't remove my bad gallbladder nor repaired my incisional hernia" is an accusation of medical negligence which falls short of the deliberate indifference standard.

In the alternative, Buchman states that if Plaintiff's claim can be construed as a medical negligence claim under Arkansas law, it still fails because Plaintiff has not complied with the Arkansas Medical Malpractice Act[4] by providing expert testimony that supports his claim.  "[T]he proof required to survive a motion for summary judgment in a medical malpractice case must be in the form of expert testimony."  Ford v. St. Paul Fire & Marine Ins.Co., 339 Ark. 434, 437, 5 S.W.3d 460, 463 (1999).  Therefore, Defendant states that Plaintiff cannot support a medical negligence claim against him because he has provided no evidence to demonstrate how Defendant breached a standard of care.  In addition, Defendant offers the affidavit of Dr. Charles Mabry, a general surgeon in Pine Bluff, Arkansas, who states that Plaintiff "received adequate and appropriate medical care, treatment and surgery" from Defendant Buchman.  (Doc. No. 89-6, p. 2.)

Plaintiff responds by stating that Defendant's actions caused him to suffer pain, and points as evidence to Mabry's statement admitting that Buchman caused injury to his small bowel during the April 11, 2011 surgery.  He further claims that Buchman's actions to continue to operate after

---

[4]Ark. Code Ann. Sect. 16-114-201 provides that in an action for medical injury, plaintiff has the burden of proving: (1) the applicable standard of care; (2) that the medical care provider failed to act in accordance with that standard; and, (3) that the failure was a proximate cause of the plaintiff's injuries.

he encountered adhesion and scarring placed Plaintiff at serious risk of injury in the future, and therefore, summary judgment is improper.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

The Court finds that Plaintiff provides no evidence to support his claim that Defendant Buchman acted with deliberate indifference to his serious medical needs. As noted in Roberson, 198 F.3d at 647, "mere negligence or medical malpractice, however, is insufficient to rise to a constitutional violation." The fact that Buchman operated on Plaintiff on April 11, 2011, is

9

evidence that he was not deliberately indifferent to Plaintiff's serious medical need.  In addition, the fact that Buchman aborted the surgery after encountering complications shows a concern for Plaintiff's medical needs.  Furthermore, Dr. Charles Mabry states in his affidavit:

> [T]he complication which arose is a recognized, non-negligent complication of hernia repair surgery in the fact of adhesions.  The complication was appropriately addressed by Dr. Buchman intra operatively, and his decision to abort the remainder of the procedure in light of the extensive adhesions that were present was an exercise of sound medical judgment and in no way the denial of medical care and treatment.

Doc. No. 89-6, p. 2).  Plaintiff fails to offer any evidence to rebut Buchman's claim of no genuine issue of material fact.   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Webb, 144 F.3d at 1135, quoting Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, assuming that the Court could construe Plaintiff's Complaint as alleging a state law claim for medical negligence, Plaintiff fails to support that claim.   The statute requires that he prove the standard of care, that Buchman failed to act in accordance with that standard of care, and that such caused his injuries.   ARK. CODE ANN. § 16-114-206.  Plaintiff provides no proof concerning the standard of care or that Buchman failed to act in accordance with it.  Therefore, the Court finds Defendant Buchman is entitled to judgment as a matter of law on Plaintiff's claim against him.

III.    **Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 89, 92, 95) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint against Defendants Kelley and Anderson be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint against Defendant Buchman be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Defendant Buchman's Motion to Strike (Doc. No. 88) be DENIED as moot.

IT IS SO RECOMMENDED this 11th day of June, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE